IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JORGE ANDRES MONCAYO URBINA,

                  Petitioner,

v.

WARDEN E. EMMERICH and THE BOP,

                  Respondents.

OPINION and ORDER

25-cv-44-jdp

---

Petitioner Jorge Andres Moncayo Urbina, proceeding without counsel, seeks habeas relief under 28 U.S.C. § 2241. Moncayo Urbina contends that Bureau of Prison officials have denied him earned-time credit under the First Step Act (FSA) based on an erroneous determination that he's the subject of a final order of removal under 8 U.S.C. § 1225(b)(1).

Generally, only the court of appeals has jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(5). Judicial review of expedited orders of removal under 8 U.S.C. § 1225(b)(1) is allowed by habeas petition, but that review is limited to the issues defined in 8 U.S.C. § 1252(e)(2). Moncayo Urbina's petition does not fit within scope of allowable petitions, and the FSA prohibits the BOP from applying his earned-time credit to his sentence because he's the subject of a final order of removal. I will dismiss the petition in part for lack of jurisdiction and otherwise deny it.

BACKGROUND

Moncayo Urbina is a native and citizen of Colombia. Dkt. 10-13 at 2. Moncayo Urbina is serving a 120-month sentence based on a 2018 conviction in the Middle District of Florida for conspiracy to possess with intent to distribute five or more kilograms of cocaine while

aboard a vessel subject to the jurisdiction of the United States. Dkt. 10-2 at 2; Dkt. 10-3 at 2. Moncayo Urbina is incarcerated at FCI-Oxford and has a release date of November 3, 2026.

In September 2024, the Department of Homeland Security (DHS) issued a notice and order of expedited removal for Moncayo Urbina. Dkt. 10-13. The order states that Moncayo Urbina is inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) because: (1) he's a native and citizen of Colombia; and (2) he lacks valid entry documentation. *See id.*

## ANALYSIS

The FSA contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. *Nelson v. Keyes*, No. 22-cv-731-wmc, 2023 WL 4496766, at *1 (W.D. Wis. June 6, 2023) (citing 18 U.S.C. § 3632(d)(4)(A)). But the FSA prohibits the BOP from applying earned-time credit toward prerelease custody or supervised release if the prisoner is "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2).

Moncayo Urbina is the subject of an expedited order of removal issued under § 1225(b)(1), but judicial review of such orders is limited to the issues defined in § 1252(e)(2):

> (2) Habeas corpus proceedings
>
> > Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
> >
> > (A) whether the petitioner is an alien,
> >
> > (B) whether the petitioner was ordered removed under such section, and
> >
> > (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

§ 1252(e)(2). Moncayo Urbina does not contend, and the record does not reflect, that any of these provisions applies.

Moncayo Urbina argues that the expedited order of removal is invalid because immigration proceedings challenging that order are ongoing. *See* Dkt. 2 at 8. This court lacks jurisdiction to hear this argument under § 1252(a) because it is outside the scope of § 1252(e)(2). Besides, the pendency of immigration proceedings would not affect the finality of the expedited order of removal. In streamlined immigration proceedings, "the order becomes final immediately upon issuance." *See Riley v. Bondi*, 145 S. Ct. 2190, 2198 (2025); *see also Ordonez Rivera v. Emmerich*, No. 24-cv-675-wmc, 2025 WL 1859161, at *2 (W.D. Wis. June 12, 2025) ("[O]rders of expedited removal entered by an immigration officer under [§ 1225(b)(1)] and approved by a supervisor are considered final.").

I take Moncayo Urbina to argue that even if the expedited order of removal precludes the BOP from applying his earned-time credit toward prerelease custody or supervised release,

3

the FSA requires the BOP to apply those credits toward early release to immigration authorities. *See* Dkt. 2 at 21–22, 25–26. This argument isn't clearly articulated, which alone is reason to reject it. *See Batson v. Live Nation Ent., Inc.*, 746 F.3d 827, 833 (7th Cir. 2014) ("[A]s the district court found, the . . . argument was forfeited because it was perfunctory and underdeveloped."). More significantly, I can find no such requirement in the FSA or the BOP's regulations, and courts have rejected similar arguments. *See Reyes v. Doerer*, No. 23-cv-10051, 2024 WL 3851634, at *2 (C.D. Cal. June 5, 2024) ("The clear implication of Section 3632(d)(4)(E)(i) is that inmates who are subject to final removal orders . . . are categorically ineligible to apply FSA time credits to their sentences in any respect . . . ."); *report and recommendation adopted*, 2024 WL 3859988 (C.D. Cal. Aug. 9, 2024); *Bailey v. Thompson*, No. 23-cv-219, 2023 WL 5086887, at *1–2 (M.D. Pa. July 13, 2023) (denying petitioner's claim to have FSA time credits applied toward immediate release to ICE custody because he was subject to final order of removal).

The evidence shows that Moncayo Urbina is the subject of a final order of removal. The FSA thus prohibits the BOP from applying his earned-time credits to his sentence. I will dismiss the petition in part for lack of jurisdiction and otherwise deny it.

ORDER

IT IS ORDERED that:

1. Petitioner Jorge Andres Moncayo Urbina's petition, Dkt. 1, is DISMISSED in part for lack of jurisdiction and otherwise DENIED.

2. The clerk of court is directed to enter judgment and close the case.

Entered August 15, 2025.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge